## BAILEY–MOLINE HARDWARE CO., Inc., v. MINICK et al.

### No. 13504.

Court of Civil Appeals of Texas. Fort Worth.

April 2, 1937.

Rehearing Denied May 7, 1937.

Bert Edw. Derden, of Wichita Falls, for appellant.

Harris & Martin, of Wichita Falls, for appellee W. A. Minick.

Weeks & Morrow, of Wichita Falls, for appellee First Nat. Bank of Burkburnett.

BROWN, Justice.

Because of our attention being called to the jurisdiction of the district courts of Wichita county over suits in which the amount in controversy is such as is sued for herein, we withdraw the opinion heretofore written in this cause and substitute the following therefor:

The record was filed in this court on May 5, 1936, and the cause was set for submission for January 22, 1937. Appellant was given full eight weeks' notice of the date of submission and had ample time in which to prepare his briefs within the statutory period, after notice, to say nothing of the full six months that passed between the time he filed his record and received his notice of submission.

He tenders his briefs on January 15, 1937, just one week before the cause was set for submission, and on January 18, 1937, files his motion to be permitted to file his briefs at such late hour and requests the court to postpone submission and grant appellees sufficient time in which to file their briefs.

The motion asking leave to file briefs and asking for a postponement of submission of the cause was filed four days before the submission date and could not have been acted upon by us before the cause was submitted.

Such motion comes too late. No excuse for not filing it sooner is given.

To postpone this submission would be unfair to some litigant whose cause will be postponed because of appellant's failure to prepare his cause for submission, and would be unfair to appellees, because we would feel compelled to "heel" the case, thereby causing its consideration to be postponed for at least eight full months.

. Furthermore, no good reason for not preparing and filing the briefs "on time" is given in the motion.

The reason given is that counsel dictated the brief, but the stenographer misplaced her notes and counsel destroyed his notes and the material he used, and the stenographer's notes, after diligent search covering two weeks, were found on January 4, 1937.

The statement of facts and the transcript were not misplaced, or lost, and after it was known that the stenographer had lost or misplaced the notes, diligence dictated that counsel prepare or dictate another brief.

We do not believe that appellant has shown any good reason for not filing his briefs on time, or any good reason for postponing the submission of the cause, and the motion asking such is denied.

The appeal is from a judgment of dismissal without prejudice.

Finding no fundamental error of record, it follows that appellee Minick's motion to dismiss the appeal, or in the alternative to affirm on certificate, and appellee First National Bank of Burkburnett's motion to affirm on certificate should be and they are hereby granted.